# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC VAUGHN GLENN, a/k/a "Magabi,"<br>MARVIN LORNELL VEALY, a/k/a<br>"Dubee," and<br>GERALD WAYNE GREEN, a/k/a "Duck,"<br><br>Defendants. | Case No. CR-10-084-RAW |

## ORDER

Before the court are Mr. Vealy's Petition for Ancillary Hearing (hereinafter "Original Petition") [Docket No. 251], the Government's Motion to Dismiss Mr. Vealy's Ancillary Claim [Docket No. 253], Mr. Vealy's Amended Petition for Ancillary Hearing (hereinafter "Amended Petition") [Docket No. 255], and the Government's Motion to Strike Mr. Vealy's Amended Petition for Ancillary Hearing [Docket No. 260]. After having been acquitted by a jury, Mr. Vealy makes a third-party request for an ancillary hearing pursuant to 21 U.S.C. § 853(n). Mr. Vealy seeks the return of $4,000.00 currency that was seized from his home.

Mr. Vealy had two co-defendants in this action, Eric Vaughn Glenn and Gerald Wayne Green.[1] Mr. Glenn pled guilty to count one[2] of the Superceding Indictment. Mr. Green was

---

[1] The original Indictment included only Mr. Glenn and Mr. Vealy. The Superseding Indictment included all three defendants. The Second Superseding Indictment, filed after Mr. Glenn pled guilty, included only Mr. Vealy and Mr. Green.

[2] Count one charged Mr. Glenn and Mr. Vealy with drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

found guilty by a jury of counts two, three, four and five[3] of the Second Superceding Indictment. Both Mr. Glenn's and Mr. Green's sentences include a criminal forfeiture of a sum of money equal to $202,800.00, which represents the amount of proceeds obtained as a result of the offense of conviction, and specifically included the $4000.00 seized from Mr. Vealy's home on September 16, 2010.[4]

Section 853(n) provides direction to third parties who wish to assert an interest in property subject to criminal forfeiture. That section directs:

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
>
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C.§ 853(n).

The Government published its notice of forfeiture on January 27, 2012. Mr. Vealy filed

---

[3] Counts two through five charged Mr. Green with distribution of cocaine base, a/k/a "crack cocaine," within 1000 feet of a public school or playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a).

[4] Judgment was entered as to Mr. Glenn on November 8, 2011. Judgment was entered as to Mr. Green on August 6, 2012.

2

his original petition for ancillary hearing on February 24, 2012, within the thirty-day period provided by § 853(n)(2). In its motion to dismiss the ancillary claim, the Government argues that Mr. Vealy did not include in his Original Petition the time and circumstances of his acquisition of the $4000.00 at issue or any additional facts supporting his claim as required by § 853(n)(3). Mr. Vealy's Original Petition stated simply that the $4000.00 "belongs to Mr. Vealy and was acquired by him through his own legal labor and efforts." He did not provide any information as to the time and circumstances of his acquisition of the $4000.00.

"Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." United States v. Burge, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011). "Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." United States v. Pegg, 2000 WL 34612651 at *2 (M.D. Ga. November 9, 2000). See also United States v. German, 2006 WL 1098896 at *2 (W.D. La. April 21, 2006). Mr. Vealy's Original Petition is subject to dismissal, as it failed to satisfy the requirements of § 853(n)(3). Accordingly, the Government's motion to dismiss Mr. Vealy's Original Petition is granted. Mr. Vealy's Original Petition is dismissed.

On April 19, 2012, twenty-one days after the Government filed its motion to dismiss, Mr. Vealy filed an Amended Petition to include the time and circumstances of his acquisition of the $4000.00. In his Amended Petition, Mr. Vealy claims that he acquired $3700.00 of the $4000.00 on or about September 1, 2010 when he sold a vehicle for cash. He also states in his Amended Petition that he has no record showing to whom he sold the vehicle and that the vehicle was not in his name. He claims he acquired the other $300.00 on or about September 16, 2010 in cash tips he received at his job at a bingo parlor. He does not include any additional facts to support

3

his claim, such as any facts that might tend to prove that he sold the vehicle for cash. Mr. Vealy argues that he should be allowed to amend his petition pursuant to Fed. R. Civ. P. 15.

The Government has filed a motion to strike Mr. Vealy's Amended Petition because it was filed beyond the thirty day period provided in § 853(n)(2). Additionally, the Government argues, unlike the civil pleading rules that liberally permit amendments, cases construing § 853(n) are necessarily less forgiving. The Government argues that to liberally allow amendments of petitions under § 853(n) would encourage false or contrived assertions of ownership.

The Government cites several cases that barred amendment of a § 853(n) petition. Mr. Vealy argues that in those cases, the petitioner was attempting to assert alternative grounds for recovery and that he is not attempting to assert alternative grounds, but only to comply with the requirements of § 853(n)(3). Mr. Vealy further argues that other courts have allowed similar amendment. The Government noted in its motion that in the case cited by Mr. Vealy that allowed an amendment, there was no indication that the Government objected.

While the Government is correct that cases construing § 853(n) are necessarily less forgiving than cases construing civil pleading rules, there is no clear rule on whether or not to allow a petitioner to amend beyond the thirty-day period provided in § 853(n)(2). Because the court does not wish to oust Mr. Vealy's petition on a technicality, in its discretion, the court will allow Mr. Vealy to amend his petition. The Government may also be correct in its assertion that by liberally allowing amendments of § 853(n) petitions, the court could encourage false or contrived assertions of ownership. The court is confident, however, that an ancillary hearing will result in the dismissal of any false or contrived assertion of ownership.

Accordingly, the Government's motion to strike Mr. Vealy's Amended Petition is denied.

The court hereby instructs the United States Magistrate Judge to hold an ancillary hearing and enter a Report and Recommendation.

**SUMMARY**

The Government's Motion to Dismiss Mr. Vealy's Ancillary Claim [Docket No. 253] is GRANTED. Mr. Vealy's Petition for Ancillary Hearing [Docket No. 251] is DISMISSED, as it did not comply with § 853(n)(3). The Government's Motion to Strike Mr. Vealy's Amended Petition for Ancillary Hearing [Docket No. 260] is DENIED. The United States Magistrate Judge will hold an ancillary hearing and enter a Report and Recommendation.

It is so ORDERED this 28th day of August, 2012.

Ronald A. White
United States District Judge
Eastern District of Oklahoma